# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH NAILER, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, | ) |
| | ) |
| Defendant. | ) **JURY DEMAND** |

## COMPLAINT

Now comes Deborah Nailer ("Plaintiff"), complaining as to Receivables Management Partners, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this District.

[ 1 ]

## PARTIES

4. Plaintiff is a natural person residing in Georgia.

5. Defendant is a third-party debt collector located in Indianapolis.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## BACKGROUND

7. Over a decade ago, Plaintiff's adult daughter, Velvet, incurred a medical expense for her personal medical case (the "account").

8. Upon reference, Velvet was at least 21 years old at the time the account was incurred.

9. Plaintiff is not, and has never been, legally obligated to pay on the account.

10. In September 2021, Plaintiff received a call from Defendant.

11. Defendant's representative led Plaintiff to believe that Defendant was collecting on an account in Plaintiff's name.

12. Although the purported balance of the account was $3,065.55 — which Plaintiff could not afford — she wanted to pay her debts, so she made a payment to Defendant through an online portal of $100 using her VISA card.

13. Plaintiff then received a receipt from Defendant stating: "Welcome VELVET! You have a payable balance. **Your current balance is $3,065.55**."

14. Plaintiff asked Defendant's representative why Defendant had directed her to pay for her daughter's account.

15. Defendant's representative refused to answer Plaintiff's question and simply hung up on Plaintiff.

16. Plaintiff has not received, and on information and belief, Defendant has not sent to Plaintiff, any notices in the mail regarding its collection efforts.

17. If Plaintiff had received a written notice of debt collection (commonly known as a "1692g" notice) in the mail, then she would have known that the account was in her daughter's name, and she would have disputed in writing her obligation to pay on the account.

18. This would have, in turn, entitled Plaintiff to information and increased her rights with respect to contesting the validity of the account.

19. Further, Plaintiff would not have paid Defendant anything if Plaintiff had been informed that the debt was Velvet's.

20. This action follows.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff realleges the paragraphs above as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because she was "*allegedly* obligated to pay" on the account. (Emphasis added.)

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

24. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. Defendant's actions violated the following provisions of the FDCPA:

   a. 15 U.S.C. §§ 1692b and 1692c(b), because Defendant communicated with Plaintiff and revealed information about the debts of another;

   b. 15 U.S.C. § 1692e generally, and in particular subsections 15 U.S.C. §§ 1692e(2)(A) and e(10), by deceiving Plaintiff as to who owed money on the account; this deception was material because Plaintiff then proceeded to pay $100, which payment was applied to Velvet Nailer's account rather than any account in Plaintiff's name;

   c. 15 U.S.C. § 1692f generally, and 1692f(1) in particular, by charging Plaintiff an amount that she did not legally owe, and then (in an attempt to hold on to ill-gotten gains) hanging up the phone and refusing to answer questions when it became apparent that Plaintiff had paid money on an account that she did not owe;

   d. 15 U.S.C. § 1692g(a) by alleging that Plaintiff owed money on the account, but then not mailing her a notice of debt collection explaining her rights and notifying her of the relevant creditors;

   e. 15 U.S.C. § 1692h by applying amounts paid by Plaintiff to an account that was not in Plaintiff's name, against Plaintiff's direction, rather than to any accounts which Defendant may have that may be in Plaintiff's name.

[ 4 ]

26. Defendant is directly and/or vicariously liable for the actions of its employees.

27. As a result of Defendant's conduct, Plaintiff's rights were violated.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.** Awarding Plaintiff disgorgement of Defendant's ill-gotten gains;

    **d.** Awarding Plaintiff nominal damages;

    **e.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    **f.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*